## COMMONWEALTH of Pennsylvania, Appellee,

v.

## Gary BEAMAN, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 17, 2003.
Filed March 31, 2004.

---

· Kevin McNicholas, Pittsburgh, for appellant.

Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: ORIE MELVIN, OLSZEWSKI and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Gary Beaman appeals from the judgment of sentence entered on February 10, 2003, in the Court of Common Pleas, Allegheny County, following his convictions for driving under the influence of alcohol (75 Pa.C.S.A. § 3731(a)(1) & (a)(4)(i)). On direct appeal, Appellant challenges the constitutionality of DUI roadblocks. Upon review, we affirm.

¶ 2 On the evening of June 8, 2001, the Pittsburgh City Police Department conducted a DUI roadblock on Saw Mill Run Boulevard in Pittsburgh, Allegheny County. The police stopped Appellant at the DUI roadblock and, subsequently, charged Appellant with two counts of driving under the influence of alcohol.[1]

¶ 3 Appellant filed an omnibus pretrial motion and a supplemental omnibus pretrial motion challenging the constitutionality of DUI roadblocks generally and the constitutionality of the particular roadblock. The trial court conducted a bifurcated hearing held on September 30, 2002, and January 21, 2003. The court heard testimony regarding the constitutionality of DUI roadblocks generally on September 30th. The court denied this portion of the suppression motion at the close of the hearing. On January 21st, the court heard testimony regarding the constitutionality

of the particular roadblock, *i.e.*, whether the particular roadblock adhered to the *Tarbert/Blouse* guidelines.[2] After hearing evidence, the court found that the roadblock met constitutional guidelines expounded in *Tarbert* and *Blouse* and denied the remaining suppression issue.

¶ 4 The trial court then proceeded with Appellant's non-jury criminal trial. The court found Appellant guilty on both counts of driving under the influence of alcohol. The court sentenced Appellant to forty-eight hours in prison, gave him credit for time served, and paroled him forthwith. The Clerk of Courts entered Appellant's sentence on the docket on February 10, 2003. This timely appeal followed.[3] The trial court ordered Appellant to file a 1925(b) statement; Appellant complied. The trial court authored a 1925(a) opinion.

¶ 5 On appeal, Appellant presents the following issues for our review:

I. Whether the suppression court erred in requiring [Appellant] to establish that challenged evidence was obtained in violation of his constitutional rights rather that adhering to Pa. R.Crim.P. 581(H) and placing the burden upon the Commonwealth to establish that challenged evidence was not obtained in violation of his rights.

II. Whether the suppression court erred in determining that DUI roadblocks are not per se unconstitutional under Article 1, § 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution when the record established through ex-

---

1.  75 Pa.C.S.A. §§ 3731(a)(1) & 3731(a)(4)(i).

2.  *Commonwealth v. Tarbert,* 517 Pa. 277, 535 A.2d 1035 (1987); *Commonwealth v. Blouse,* 531 Pa. 167, 611 A.2d 1177 (1992).

3.  For purposes of appeal, the date of entry of a judgment of sentence is the date the clerk enters judgment on the docket, sends notice to the parties, and records the notice. *See Commonwealth v. Jerman,* 762 A.2d 366 (Pa.Super.2000).

tensive and uncontradicted empirical data that roadblocks are less efficient in making DUI arrests than traditional law enforcement techniques predicated upon individualized suspicion.

Appellant's brief, at 5.

¶ 6 Appellant's issues for review claim suppression court error. We have defined our standard and scope of review as follows:

> The standard and scope of review for a challenge to the denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing rulings of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Hughes*, 575 Pa. 447, ——, 836 A.2d 893, 898 (2003) (citations and quotation marks omitted). With this standard and scope in mind, we will review Appellant's questions for review.

¶ 7 Appellant's first issue is whether the suppression court erred in requiring him to establish that the challenged evidence was obtained in violation of his constitutional rights rather than placing such burden on the Commonwealth as per Pa. R.Crim.P. 581(H).

¶ 8 In the present case, Appellant filed two omnibus pretrial motions in which he challenged the admissibility of the evidence obtained from the DUI roadblock. Appellant challenged the DUI roadblock itself and argued that the DUI roadblock was not in compliance with the *Tarbert/Blouse* guidelines. The Common-

wealth presented evidence that the DUI roadblock was conducted in a manner consistent with *Tarbert* and *Blouse*. The suppression court found that the DUI roadblock followed proper guidelines. Appellant did not challenge this finding. Appellant also challenged DUI roadblocks in general, asserting that DUI roadblocks were an ineffective mechanism for enforcing the motor vehicle code and, thus, were unconstitutional. Appellant presented evidence at the suppression hearing that DUI roadblocks were not as effective as enforcing the motor vehicle code as roving patrols and argued that this fact made DUI roadblocks unconstitutional *per se.* The suppression court found that DUI roadblocks were not unconstitutional *per se.* Appellant challenges this ruling because he alleges that the suppression court improperly shifted the burden of proof at the suppression hearing from the Commonwealth to Appellant.

¶ 9 Rule 581(H), Pa.R.Crim.P. states:

> (H) The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. The defendant may testify at such hearing, and if the defendant does testify, the defendant does not thereby waive the right to remain silent during trial.

¶ 10 Clearly, at a suppression hearing, the onus is on the Commonwealth to establish by a preponderance of evidence that the challenged evidence is admissible. *See Commonwealth v. West*, 834 A.2d 625, 629 (Pa.Super.2003).

¶ 11 At the suppression hearing, Appellant challenged DUI roadblocks as unconstitutional *per se.* Therefore, the onus was on the Commonwealth to establish that the challenged evidence was admissible. However, once Appellant challenged the consti-

tutionality of the statute itself, the Commonwealth established its burden, as a statute is presumed to be constitutional. *See Commonwealth v. Craven,* 572 Pa. 431, 436, 817 A.2d 451, 454 (2003). The burden then was on Appellant to demonstrate that the statute violated the Constitution. The suppression court did not err in requiring Appellant to present evidence regarding the constitutionality of DUI roadblocks. Accordingly, Appellant's first issue is meritless.

¶ 12 Appellant's second issue is whether the suppression court erred in determining the DUI roadblocks were constitutional. He argues that DUI roadblocks violate the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution in that DUI roadblocks are less efficient in making DUI arrests than individual stops based upon reasonable suspicion.

When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. Our consideration of questions of law is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion.

*Commonwealth v. Howe,* 2004 PA Super 19, ¶ 10, 842 A.2d 436 (2004).

¶ 13 It is undisputed that the stopping of an automobile and the detention of its occupants at a DUI roadblock is a seizure subject to constitutional restraints. *See Michigan Dep't of State Police v. Sitz,* 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990); *Commonwealth v. Blouse,* 531 Pa. 167, 611 A.2d 1177 (1992). Under both federal and state constitutional provisions, people are to be secure in their persons against "unreasonable searches and seizures." U.S. Const. Amend. IV; Pa. Const. Art. I, § 8.

¶ 14 We will examine first Appellant's contention that DUI roadblocks violate the Fourth Amendment of the United States Constitution and, thus, are unconstitutional *per se.* The Fourth Amendment of the United States Constitution reads as follows:

*Amendment IV*

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

¶ 15 The question of whether DUI roadblocks were *per se* unconstitutional pursuant to the Fourth Amendment was addressed in *Michigan Dep't of State Police v. Sitz,* 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990). The *Sitz* Court acknowledged that roadblocks are suspicionless seizures under the Fourth Amendment of the United States. The *Sitz* Court then focused on whether such a seizure was unreasonable and utilized a three-prong balancing test from *Brown v. Texas,* 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). The Court "balance[d] the state's interest in preventing accidents caused by drunk drivers, the effectiveness of sobriety checkpoints in achieving that goal, and the level of intrusion on an individual's privacy caused by the checkpoints." *Sitz,* 496 U.S. at 449, 110 S.Ct. 2481. The Court found that the state's interest in eradicating drunken driving was indisputable, and, conversely, the intrusion on motorists was slight. *See id.,* 496 U.S. at 451, 110 S.Ct. 2481. The Court, using empirical data and compari-

son with other seizure cases, found that method was effective. *See id.*, at 496 U.S. at 455, 110 S.Ct. 2481. In sum, the *Sitz* Court concluded, "the balance of the State's interest in preventing drunken driving, the extent to which this system can reasonably be said to advance that interest, and the degree of intrusion upon individual motorists who are briefly stopped, weighs in favor of the state program" and therefore "is consistent with the Fourth Amendment." *See id.*, 496 U.S. at 455, 110 S.Ct. 2481.

¶ 16 Accordingly, Appellant's claim that DUI roadblocks are unconstitutional *per se* pursuant to the Fourth Amendment fails.

¶ 17 Because we have determined that DUI roadblocks are not unconstitutional *per se* pursuant to the United States Constitution, we must now conduct an independent analysis of this claim pursuant to the Pennsylvania Constitution.

¶ 18 Although the language utilized in Article I, Section 8 of the Pennsylvania Constitution is similar to that in the Fourth Amendment to the United States Constitution, the decisions of the United States Supreme Court are not dispositive of questions regarding the rights guaranteed to citizens of this Commonwealth pursuant to the Pennsylvania Constitution. *See Commonwealth v. Tarbert*, 517 Pa. 277, 535 A.2d 1035 (Pa.1987) (plurality opinion). "[We] are not bound to interpret the two provisions as if they were mirror images, even where the text is similar or identical." *Commonwealth v. Edmunds*, 526 Pa. 374, 391, 586 A.2d 887, 895–896 (Pa.1991). In *Edmunds*, we explained:

Here in Pennsylvania, we have stated with increasing frequency that it is both important and necessary that we undertake an independent analysis of the Pennsylvania Constitution each time a

provision of that fundamental document is implicated. Although we may accord weight to federal decisions where they are found to be logically persuasive and well reasoned, paying due regard to precedent and the policies underlying specific constitutional guarantees, we are free to reject the conclusions of the United States Supreme Court so long as we remain faithful to the minimum guarantees established by the United States Constitution.

*Id.*, at 389–90, 586 A.2d at 894–95.

¶ 19 We turn our attention to the text of Article I, Section 8 of the Pennsylvania Constitution:

*Security from Searches and Seizures*

Section 8. The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seizure any person or thing shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

¶ 20 Our Supreme Court addressed the question of whether DUI roadblocks were unconstitutional *per se* pursuant to the Pennsylvania Constitution. In *Commonwealth v. Tarbert*, 517 Pa. 277, 535 A.2d 1035 (1987) (plurality), the plurality of our Supreme Court upheld the constitutionality of DUI roadblocks carried out in compliance with prescribed guidelines. To reach that result, the plurality applied a balancing of interests approach and concluded that the minimal intrusion on the individual was outweighed by the compelling public interest in apprehending drunk drivers. However, the plurality concluded that the police exceeded their authority in conducting the DUI roadblock in question.[4]

---

4. Although *Tarbert* was only a plurality opinion, it is clear that four of the six justices who

¶ 21 In *Commonwealth v. Blouse*, 531 Pa. 167, 611 A.2d 1177 (1992), our Supreme Court applied the rationale and guidelines of DUI roadblocks espoused in *Tarbert* to all systematic roadblocks.

¶ 22 In *Yastrop*, the plurality noted in the Opinion Announcing the Judgment of the Court, "Thus, in reading *Blouse*, most notably its express adoption of the standards set forth in the Opinion Announcing Judgment of the Court in *Tarbert*, it is clear that this Court has already concluded that DUI roadblocks like the one present are not *per se* unconstitutional in this Commonwealth." Regarding the constitutionally of DUI roadblocks, the *Yastrop* Court concluded, "[A]s a matter of *stare decisis*, and in recognition of the overwhelming authority in support of DUI roadblocks, we conclude that DUI roadblocks are not *per se* offensive to the Pennsylvania Constitution." *Id.*, at 346, 768 A.2d at 322.

¶ 23 We agree with the plurality's conclusion that our courts have already concluded the issue of DUI roadblocks and found that the roadblocks are not *per se* unconstitutional. We recognize that Appellant's contention that empirical data shows that DUI roadblocks are not the most effective manner in which to apprehend drunk drivers was mentioned by Mr. Justice Cappy in his concurring opinion and Mr. Justice Saylor in his concurring opinion, joined by Mr. Justice Cappy and Mr. Justice Castille. But we express no personal views on the merits of the consti-

tutional claim raised by Appellant because, as we indicated, this Court and our Supreme Court have consistently held that DUI roadblocks do not violate the Pennsylvania Constitution so long as the authorities followed the guidelines in establishing and conducting the roadblock. *See, e.g., Commonwealth v. Rastogi*, 816 A.2d 1191, 1194 (2003). Accordingly, we do believe that consistency mandates our following the treatment given that issue in *Tarbert* and *Blouse*, absent further direction from our Supreme Court. Appellant may petition our Supreme Court for allowance of appeal. Accordingly, we find that Appellant's claim that DUI roadblocks are unconstitutional *per se* pursuant to Article I, Section 8 of the Pennsylvania Constitution fails.

¶ 24 Judgment of sentence affirmed.

¶ 25 ORIE MELVIN, J. Concurs in the Result.

participated expressed the view that DUI roadblocks within a prescribed system were constitutional. Mr. Justice McDermott joined Chief Justice Nix in announcing the judgment of the Court. Mr. Justice Papadakos, in a concurring opinion, agreed with the conclusion that non-discriminatory, systematic roadblocks performed under well-defined parameters are constitutional but declined to join the opinion because he believed that the Court should not have addressed the constitutional issue. Mr. Justice Larsen agreed with the plurality's finding concerning the constitutionality of DUI roadblocks but dissented with the plurality's finding the roadblocks in question were unconstitutional. Mr. Justice Flaherty concurred in the result without explanation. Mr. Justice Zappala filed a concurring opinion in which he found the DUI roadblocks were unconstitutional because the stop and seizure lacked probable cause.