J-S38022-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
            v.                :
                              :
                              :
                              :
DUSTY MICHAEL PERRY           :
                              :
          Appellant           :  No. 1560 WDA 2017

Appeal from the Judgment of Sentence September 22, 2017
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000742-2016

BEFORE:   BOWES, J., NICHOLS, J., and STRASSBURGER, J.*

MEMORANDUM BY NICHOLS, J.:                    FILED SEPTEMBER 26, 2018

Appellant Dusty Michael Perry appeals from the judgment of sentence imposed after he pled guilty to indecent assault of a child[1] in CR-742-2016 and admitted a violation of probation in a separate matter in CR-549-2013. Appellant challenges the discretionary aspects of the sentence and the legality of the lifetime registration requirement under the former version of the Sexual Offender Registration and Notification Act[2] (SORNA).  We affirm.

On July 22, 2016, Appellant was residing with the minor victim when he touched her labia to look at her vagina.  N.T., 5/22/17, at 26-27.  At that

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

[2] See 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended).

time, Appellant was on probation for robbery and related offenses in CR-549-2013.

On October 20, 2016, Appellant was charged with sexual offenses against the minor victim in CR-742-2016. On May 19, 2017, the Commonwealth filed an amended information charging Appellant with felony counts of aggravated indecent assault of a child and aggravated indecent assault, as well as the misdemeanor count of indecent assault of a child.

Appellant negotiated an agreement to plead guilty to the misdemeanor count of indecent assault of a child in CR-742-2016 and to have his probation revoked in CR-549-2013. Appellant accepted the imposition of minimum sentences of one year in each case. Plea Agreement Form, signed 5/22/17. The "maximum sentences and concurrent or consecutive" nature of the sentences were left to the trial court's discretion. Id. On May 22, 2017, the trial court accepted Appellant's plea in CR-742-2016 and revoked Appellant's probation in CR-549-2013.

On September 22, 2017, Appellant appeared for sentencing.[3] The Commonwealth requested consecutive sentences of one to five years' imprisonment in each case. Appellant argued for a county sentence so that the trial court could control parole and release him for treatment. Appellant also referred to Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), and

_____

[3] At the guilty plea hearing, Appellant was incorrectly apprised that his conviction for indecent assault of a child carried a fifteen-year registration requirement under SORNA. The Commonwealth correctly apprised Appellant that the registration requirement was for life before sentencing.

argued that it would be improper to impose a lifetime sexual offender registration requirement under the former version of SORNA.

The trial court noted that Appellant had prior violations of his probation in CR-549-2013. The trial court added:

> I can't justify keeping you in County any more at this point. . . . [The Department of Corrections] will require you to complete programming, and you can't get out until you complete that. So you need to take advantage of the programming, get involved with it and complete it . . . as soon as you can . . . .

N.T., 9/22/17, at 29. The trial court sentenced Appellant to one to five years' imprisonment in each case and directed that the sentences run consecutively, for an aggregate sentence of two to ten years' imprisonment. The trial court advised Appellant of SORNA's lifetime registration requirement.

Appellant timely filed post-sentence motions, which the trial court denied on October 4, 2017. Appellant timely appealed on October 19, 2017.[4] Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[4] Appellant's plea counsel withdrew after the trial court denied Appellant's post-sentence motions. Present counsel entered an appearance for the purposes of this appeal and obtained an extension of time to file a Rule 1925(b) statement.

Although Appellant filed a notice of appeal within thirty days of the judgment of sentence, Appellant did not separately appeal the imposition of the violation of probation sentence in CR-549-2013. The Pennsylvania Supreme Court recently clarified that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." Commonwealth v. Walker, 185 A.3d 969, 977 (Pa. 2018). However, Walker is prospective, and Appellant's appeal was taken before Walker was decided. Therefore, we decline to quash the appeal of the sentence at CR-549-2013.

- 3 -

Appellant presents the following issues for review:

The sentence imposed in this case was manifestly abusive and clearly unreasonable in that it failed to take into account the plea agreement . . . in which he was told that he would receive a maximum of not more than two years and a minimum of one year of incarceration, and in its failure to impose a county level sentence.

The imposition of a lifetime reporting requirement under SORNA is an illegal sentence as it is unconstitutional to require a person to register for life when that registration period exceeds the statutory maximum penalty for the offense.

Appellant's Brief at 1-2.

Appellant first challenges the discretionary aspects of his aggregate sentence of two to ten years' imprisonment.[5]  Appellant argues that the sentence was excessive because a lesser sentence, with the trial court retaining parole authority, could achieve the goals of protecting the public, acknowledging the gravity of the offenses, and addressing Appellant's rehabilitative needs.  Id. at 4, 6-7.

It is well-settled that "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." Commonwealth v. Zeigler, 112 A.3d 656, 661 (Pa. Super. 2015) (citation omitted).  Instead, an appellant must invoke this Court's jurisdiction by (1) filing a timely notice of

_____

[5] Although there were general agreements as to sentencing associated with Appellant's guilty plea, the trial court retained the discretion to set the maximum sentences and to impose consecutive or concurrent sentences. Therefore, Appellant's plea agreement did not foreclose a challenge to the discretionary aspects of sentencing.  See Commonwealth v. Brown, 982 A.2d 1017, 1019 (Pa. Super. 2009).

appeal, (2) preserving the issue for review, (3) including a Pa.R.A.P. 2119(f) statement in his brief, and (4) establishing that there is a substantial question warranting review. Id.

Our review of whether an appellant presents a substantial question is made on "a case-by-case basis." Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted). "A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" Id. (citations omitted).

Instantly, Appellant timely appealed, preserved his issues for appeal in a post-sentence motion, and included in his brief a Rule 2119(f) statement, which states:

> [T]he [trial] court abused its discretion when it handed down the sentence in this case. A lighter sentence, with a lesser period of confinement, which comports with the plea agreement made by [Appellant] and the prosecution, could achieve the goals of the protection of the public and the rehabilitative needs of Appellant.

Appellant's Brief at 4.

Appellant's boilerplate assertion that a county sentence would be appropriate fails to show the trial court's sentence was inconsistent with the Sentencing Code or violated a fundamental sentencing norm. See Commonwealth v. Radecki, 180 A.3d 441, 470 (2018) (noting that "the court is not required to impose the 'minimum possible' confinement." (citation

omitted)). Furthermore, despite Appellant's suggestion, the trial court's sentence complied with the terms of the plea agreement. Therefore, we conclude that Appellant has not presented a substantial question warranting review.[6]

Appellant next challenges the legality of his registration requirement under SORNA. Appellant, relying on Muniz, presents two arguments in support of his claim. First, he contends that the lifetime registration requirement is illegal because the maximum sentence authorized by his guilty plea was five years. Appellant's Brief at 7.

Second, Appellant suggests that the registration requirement is cruel and excessive. Appellant's entire argument in this regard is as follows:

> However, [Appellant] argues that the statute is punitive when it results in [him] being under court supervision for an entire lifetime. Thus, the infliction of this sentence constitutes cruel punishment and should thus be declared unconstitutional. The Muniz court determined that SORNA registration requirements were punitive, and [Appellant] urges this [C]ourt to find that his sentence in particular is a cruel punishment which should not be

_____

[6] In any event, the trial court possessed a presentence investigation report and was aware of Appellant's prior contacts with the judicial system in CR-549-2013. Moreover, the sentence in CR-742-2016 was in the standard range of the sentencing guidelines.

Appellant's argument that a county sentence would be preferable under the circumstances of this case does not establish an abuse of discretion by the trial court. See Commonwealth v. Rush, 162 A.3d 530, 544 (Pa. Super. 2017). The record here establishes that the trial court considered the gravity of the offense, the impact on the victim and the community, as well as Appellant's rehabilitative needs. Therefore, we discern no merit to Appellant's claim that the trial court's sentences were excessive or clearly unreasonable under the circumstances.

> upheld, when the lifetime registration is so drastically different from the number of years he is to be punished for according to the sentencing scheme set in Pennsylvania. Muniz is directly on point in this case, as it says that the provisions of SORNA are punitive, and [Appellant] argues that the lifetime registration requirement is punitive in nature.

Id. at 10.

By way of background, in Muniz, five of the six participating justices concluded that the former version of SORNA constituted an ex post facto law. Muniz, 164 A.3d at 1218 (Dougherty, J., with Baer and Donahue, JJ. joining) ("the retroactive application of SORNA to appellant violate[d] the ex post facto clause of the United States Constitution") & 1223 (holding that "SORNA's registration requirements . . . [were] also unconstitutional under the state [ex post facto] clause"); see also id. at 1224 ( (Wecht, J., concurring, with Todd, J. joining) ("the retroactive application of [SORNA] violates Article I, Section 17 of the Pennsylvania Constitution"). Notably, the majority of justices found it appropriate to consider SORNA as a whole and concluded that the registration requirements, as well as the public notification provisions, favored finding that SORNA was "punitive in effect despite its expressed civil remedial purpose." Id. at 1208-18; see also id. at 1224.

In Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017), appeal granted, 47 WAL 2018 (Pa. filed Aug. 1, 2018), this Court concluded that the procedure for determining whether an offender was a sexually violent predator (SVP) was unconstitutional in light of Muniz. Id. at 1218. The Butler Court reasoned that Muniz held that SORNA's registration

requirements were punitive in effect and therefore constituted "part of the criminal punishment imposed upon a convicted defendant."[7] Id. at 1215. The Court further concluded that the SVP determination increased the registration requirements and thus increased the range of criminal punishments faced by the offender. Id.

The Butler Court then applied the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 570 U.S. 99 (2013), and determined that "the facts leading to registration requirements need to be found by the fact-finder chosen by the defendant, be it a judge or a jury, beyond a reasonable doubt." Id. at 1217 (citation omitted). The Court thus held that the provision permitting the trial court to determine that an offender was an SVP by a clear and convincing evidence—a lesser standard of proof than beyond a reasonable doubt—was "constitutionally flawed." Id. at 1217-18.

Initially, we note our disapproval of Appellant's limited arguments. Appellant correctly identifies Muniz as an appropriate starting point for his claims. However, neither Muniz nor Butler directly controls Appellant's claims.[8] As to Appellant's first argument, his mere recitation that SORNA's

_____

[7] The Butler Court also concluded that it could consider the legality of the offender's registration requirement sua sponte as a matter of the legality of the offender's sentence. Butler, 173 A.3d at 1215.

[8] As noted by the trial court and the Commonwealth, in CR-742-2016, Appellant committed the sexual offense in July of 2016. Thus, Appellant's case does not raise the retroactivity concerns addressed in Muniz.

former registration provisions were punitive does not establish grounds for relief. Nevertheless, this Court has recently held that SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code. See Commonwealth v. Strafford, 2018 PA Super 223, 2018 WL 3717081 at *3 (filed Aug. 6, 2018). Thus, Appellant's first argument merits no relief.

As to Appellant's second argument, his bare assertion that a lifetime registration requirement is excessive lacks any meaningful analysis of how different aspects of the Muniz Court's analysis should apply to a cruel punishment claim. We could decide Appellant's constitutional claim sua sponte. See Butler, 173 A.3d at 1215; Commonwealth v. Brown, 71 A.3d 1009, 1016 (Pa. Super. 2013) (noting that a cruel and unusual punishment claim constitutes a challenge to the legality of sentence). However, we may also decline to do so given the absence of focused arguments from the parties. See Commonwealth v. Briggs, 12 A.3d 291, 344 (Pa. 2011) (finding an appellant's claim of cruel and unusual punishment waived for failure to develop the claim in a meaningful fashion).

In light of the foregoing, we conclude that Appellant's challenge to the discretionary aspects of the sentence and the legality of his lifetime registration requirement are meritless. We further find that Appellant has

waived his constitutional challenge to the lifetime registration requirement.

Thus, we affirm the judgment of sentence.[9]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2018

_____

[9] We note that while this appeal was pending, the General Assembly amended SORNA in response to Muniz and Butler, which became effective February 21, 2018. See 2018, Feb. 21, P.L. 27, No. 10 (Act 10). The current registration provisions of SORNA presumptively apply to Appellant. Cf. Commonwealth v. Beaman, 846 A.2d 764, 768 (Pa. Super. 2004) (noting that statutes must be presumed to be constitutional). Given our disposition, we decline to consider Act 10 sua sponte.